```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


NATHAN SANKPILL,                    )
                                    )
         Plaintiff,                 )
      vs.                           ) NO. 1:12-cv-00224-WTL-MJD
                                    )
STONE BELT ARC, INC.,               )
                                    )
         Defendant.                 )
```

**ORDER ON PLAINTIFF'S MOTION TO EXTEND DEADLINES**

This matter comes before the Court on the Plaintiff's motion, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, to enlarge the discovery and dispositive motions deadlines in this matter. [Dkt. 57.] Defendant opposes the motion and, for the reasons set forth herein, Plaintiff's motion will be **DENIED.**

Rule 6(b)(1)(A) provides in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Fed. R. Civ. P. 6(b)(1)(A). The Court finds that Plaintiff has failed to demonstrate good cause exists for the enlargement requested. A brief history of this case to date is necessary to place this finding in the proper context.

This matter was filed on February 21, 2012. [Dkt. 1.] On April 27, an initial pretrial conference was conducted, during

which the Court and parties discussed and agreed upon a Case Management Plan, which was subsequently entered by the Court on May 3, 2012. [Dkt. 24 at 1; Dkt. 25.]  The Case Management Plan provides that "non-expert witness discovery and discovery relating to liability issues shall be completed by **December 21, 2012**" and that "[d]ispositive motions are expected and shall be filed by **January 18, 2013**." [Dkt. 25 at 5 (emphasis in original).]

Over the course of the next several months, the Court conducted a number of conferences with the parties, during which the status of discovery was routinely discussed.  [*See* Dkts. 35, 38, 40, 43 & 47.]  Despite the fact that eight months was allocated for the completion of liability discovery (the proposed Case Management Plan was filed on April 20, 2012, [Dkt. 20], and would by necessity have been preceded by the Rule 26(f) conference, thereby opening discovery), Plaintiff now seeks to enlarge the liability discovery deadline to January 30, 2013 and the dispositive motions deadline to February 28, 2013.  [Dkt. 57 at 2.]  Plaintiff requires the enlargement of the discovery deadline in order to depose five individuals and conduct a Rule 30(b)(6) deposition of the Defendant.  [*Id*. at 1.]

Plaintiff's motion falls short in counsel's explanation of the reasons for his failure to schedule the depositions in question within the eight month discovery window that opened in April 2012.  Plaintiff claims the depositions could not be

scheduled until after Plaintiff's counsel's review of Defendant's responses to written discovery.  [*Id.*]  However, Plaintiff waited until October 15, 2012, six months after discovery opened, to serve any written discovery on Defendant.  Responses were served on November 19, 2012, but Plaintiff blames his busy schedule for his failure to review the responses until after December 7, 2012.  [Dkt. 61.]  The Court does not dispute the time demands of counsel's schedule, but must note that the time crunch at issue was self-inflicted as a result of Plaintiff's many month delay in serving his discovery in the first place.  Even more problematic is the fact that, during a telephone conference conducted on July 6, 2012, Plaintiff's counsel advised the Court he intended to serve written discovery on Defendant within the next two weeks (*e.g.*, by no later than July 20, 2012).  Had Plaintiff served written discovery when counsel committed to do so, he would have received those responses many months before the liability discovery deadline.

In his Reply Brief, Plaintiff also raises an issue regarding the discovery of certain telephone records that Plaintiff indicated during the hearing on this motion were needed before he could conduct the depositions in question.  First, those telephone records were discussed, and Plaintiff's counsel committed to obtaining them, during the initial pretrial conference in this matter on April 27, 2012.  The Court inquired regarding the status of Plaintiff's discovery of those telephone

records during each subsequent telephone conference with the parties.  Nevertheless, Plaintiff's counsel represented during the hearing that he did not serve a request for those telephone records until the end of October, 2012.  Furthermore, Plaintiff's claim during the hearing on the motion to have needed those telephone records prior to conducting the depositions is belied by Plaintiff's admission that he proposed to conduct the depositions begore receiving the records.  [Dkt. 58 at 2; Dkt. 61 at 2.]

    Furthermore, Plaintiff did not contact counsel for Defendant in an effort to schedule the depositions until December 14, 2012, seven days prior to the close of liability discovery.  [Dkt. 58 at 2.]  Pursuant to the Local Rules of this Court, "[u]nless agreed by counsel or otherwise ordered by the court, no deposition will be scheduled on less than 14 days notice."  S.D. Ind. L.R. 30-1(d).  Thereafter, on December 18, 2012, Plaintiff issued four notices of depositions to be conducted on December 27, 2012, which was after the close of liability discovery and only nine days after the date of the notice.

    As noted by the Court of Appeals in *Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996):

> We live in a world of deadlines.  If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us.  A good judge sets deadlines, and the judge has the right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Id.* at 157.  "'If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless.'"  *Id.* at 158 (quoting Tinder, D.J.).

In sum, Plaintiff has provided no explanation for his six month delay in serving written discovery upon the Defendant or in seeking the telephone records that were identified as important as early as April, 2012.  Plaintiff has also provided no reasonable explanation for his failure to act promptly to schedule the depositions once he did receive Defendant's responses to written discovery after they were served on November 19, 2012.  Finally, the court finds the timing of the production of the telephone records to be a red herring, as Plaintiff was plainly willing to conduct the depositions before he received those records had Defendant acquiesced.

As was Judge Tinder in the *Spears* case, I am sympathetic with Plaintiff's circumstance.  However, to grant the instant motion in the absence of any cause other than counsel's failure to conduct discovery in a timely fashion within the ample time period allowed would render all future orders of this Court regarding case scheduling meaningless.  When deadlines are established, they must be adhered to absent good cause for their enlargement.  That good cause is absent here.  Accordingly, Plaintiff's motion is **DENIED.**

Dated:    01/11/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.